Thank you, Your Honors. Clark Holland on behalf of State Farm. This case is relatively simple. It involves the interpretation of a California Supreme Court case called Minkler. This particular case involves a substantially different policy exclusion than in the Minkler case. The trial court, I think, went beyond what was necessary in applying the California Supreme Court case and the idea that a severability clause in an insurance policy could create an ambiguity for the sexual molestation exclusion in this case. I'd like to make several points about the differences between the Minkler case and our case. First of all, the use of the word any, in our case, any insured as opposed to uninsured. The exclusion here specifically said that the exclusion would apply if the injury was arising out of sexual molestation. In the Minkler case, it didn't have the arising out of language. It just said caused by. The reason for that is that the intentional act exclusion in Minkler was taken directly from statutory provisions in the California Insurance Code. It was unlike a standard exclusion like arising out of the operation of an automobile, for instance, which is much broader in those Susan Potter, who was the primary insured under the policy, would Susan Potter understand that if someone else caused sexual molestation, she might not be covered? That's the question. Because the idea here is that Apelli argues that Susan Potter looks at the policy and will be covered. There's no way that Susan Potter could read this policy and come to that conclusion and let me tell you why. First of all, it says any loss arising out of sexual molestation by any insured, not just one insured, any insured. And let me give you an example. If you are a judge and you tell 12 jurors, if any juror votes not guilty, the defendant can't be convicted. That would be a true statement. Any juror. If I'm a juror, I sit there and go, well, does that mean me? Well, of course, I'm any juror. I look to my right. Is the person to my right any juror? Yes. Is the person sitting behind me any juror? Yes. It's not just me. It's any of the people who are part of that group. And the trial court was very clear that Cooper Potter, who was the molester in this case, was any insured. He clearly was. But more importantly, from Susan Potter's point of view, if she reads the exclusion, it also says if any of your employees do this, if any people acting on your behalf do this. So she couldn't possibly reasonably conclude that she was fine as she didn't do the molesting. She can't reasonably come to that conclusion. Two federal court district court cases, Liberty Mutual versus Shabazz and Safeco versus Thomas, made clear that the Minkler ambiguity ruling didn't apply. But more importantly, the Supreme Court in Minkler was very clear in its statement, don't do this. This is the California Supreme Court that's trying to explain to courts of appeal, here's what we mean. And here's what we don't mean. We stress that our reasoning and conclusion under the specific circumstances of this case, which involves the interplay between a severability clause and an exclusion for the intentional acts of an insured, does not mean a severability cause necessarily affects all exclusions framed in terms of an or any insured. So you have to look at it differently. And then it went to the next level and said, we know that many policies include sexual molestation exclusions, and you shouldn't adopt this ambiguity analysis simply because of that. Hence, nothing we hold in this case concerns how an exclusion framed in those terms should be construed. Correct. And this judge, I believe, simply took the severability clause in an exclusion and said, voila, Minkler applies, I have to conclude that they're ambiguous. And fundamentally, that is wrong. Most important. At any point, did you argue that the tort of sexual molestation, in order to be compensable, has to involve the violation of the duty, but also proximate cause, right? And the holding of negligent supervision would be that the negligent supervisor here, Susan, was the cause in part or in whole of damage arising from sexual molestation. Well, you would have to presume that because the allegation of the complaint said that, right? The allegation in the complaint... That was my question, Mr. Holland. My question was, was that theory of interpretation ever used by you? In the summary judgment argument, we did make that point, although frankly, it was a minor issue because I want to make clear, we did not take the position that the allegation, unlike the Minkler case, which dealt with the question of what's an occurrence or what's an accident, State Farm didn't argue the issue of occurrence or accident because we had such a specific exclusion directly on point. There was no reason to make that argument. Clearly, from Cooper Potter's point of view, there was no accident, right? His conduct was intentional and he was convicted for it. We did not dispute the potential argument that Susan Potter's liability could arise out of an accident, but her liability couldn't arise out of anything other than the sexual molestation, which was clearly excluded. Most importantly is Minkler has been on the books for eight years and there's not a single California court of appeal who has held anything remotely like the trial court held here, which is that Minkler applies to these types of exclusions. One would have to expect after this long that there'd be some California support for Appelli's position and there simply isn't. And again, in the two federal court cases that have applied Minkler to a sexual molestation exclusion, those courts didn't have any trouble saying Minkler doesn't apply because the California Supreme Court told us not to apply it in a sexual molestation case. And I'll reserve my time. Thank you, counsel. Morning, honors. James D. Henderson, Jr. on behalf of plaintiff and appellee Holly Bays. I noticed counsel in both his pleadings and his argument today goes to great lengths to distinguish the differences between the exclusionary policy in Minkler and for his client. I don't think that's the standard here. The standard is would a reasonable policyholder in a world where Minkler governs understand that they're not separately insured and then an exclusion would apply to them based on the policy. And I don't think they can reach that standard. What about the three portions of the exclusion which Mr. Holland mentioned? Any insured, and Cooper was an insured, any employees, any people working on your behalf? Well, your honor, I understand the any insured part. The other two specifically don't apply in this case because there was no discovery on those issues. They apply in this sense that any reasonable person reading those would say, I will not be covered if an act done by somebody else is imputable to me through a theory of employer liability or a person acting on my behalf. So that the reasonable person reading those three items would come to the conclusion that it isn't just acts of sexual molestation by the insured, in this case, Susan, but acts done by other persons for which the law makes her liable. Well, I would disagree with that because under the Minkler court's holding... The Minkler didn't involve an exclusion such as Justice Baxter was talking about in the current homeowner policies that have a sexual molestation exclusion clause, correct? That's correct. So that, how do, I mean, why did Justice Baxter spend some valuable ink on limiting the holding of Minkler not to be used to construe policies that had sexual molestation exclusions? Well, I think the easy answer to that is because he hasn't read them and they weren't in front of him. You can imagine... But they were, he said, let me get that language for you. He said that they're, he said, unlike many current homeowner insurance contracts, which shows that he knows something about that, Betty's policies did not contain a specific exclusion for claims arising from sexual molestation. Well, again, the answer is those aren't in front of him. But they are in front of him and he's saying, we're not deciding that. We're not deciding that because you can always imagine a policy that says something like this, notwithstanding the severability clause above, this sexual exclusion applies to every policyholder. I think in order to make it clear and resolve any ambiguity in the contract, the sexual exclusion clause has to have a reference back to the severability provision. You have to make it clear to the lay policy owner that somehow in the world of Minkler, I'm not separately insured and I don't think they can make that claim. So counsel, sitting here, it's our obligation to predict how the California Supreme Court would address this issue. A unanimous California Supreme Court, Your Honor. Yes. If it were before it. So you think that the California Supreme Court would, in considering a sexual molestation exclusion clause, reach the same result that was reached in Minkler? Yes, I do. I think they're not making a black letter law here because each policy can be different and each exclusionary clause can be different, but I still think you're going to need a reference back to the separately insured provisions so that a lay person would know that they're not separately insured like they are in Minkler. Would you suggest that we certify that question to the California Supreme Court? I hadn't thought about that. Maybe you can think about it. Maybe Mr. Holland can think about it in his rebuttal. I don't think that's necessary in this case, Your Honor. I think it's clear here. There's the ambiguity as stated by the court in Minkler is caused by the exclusionary clause, not by the language of the sexual exclusions. Well, there wasn't any language of the sexual exclusion in Minkler. Not the exclusionary clause itself. It's caused by the separately insured provision. That's where the ambiguity lies. And unless you can correct that ambiguity, I think you're doomed to failure as an insurance company unless you do something to clear that up. I think I made my position patently clear here. If there are any more questions, I think I'll call it a day. So I think your position is that we should follow Minkler and if we don't follow Minkler, you lose. I think it's pretty simple. Yes, Your Honor. OK, thank you. Thanks. What about certification, Mr. Hollow? I will have to say I agree with Appelli that I don't think it's necessary in this case, but I suppose if you would like a definitive ruling, that would be appropriate. And I would look forward to the opportunity to once again argue before the California Supreme Court. But again, let me ask you this. Have there been any California appellate court dealing with the sexual exclusion in this type of case? Yes, but only in unpublished cases. But what did they say? They were identical to the two federal court cases that interpreted the sexual molestation exclusions and said, don't apply Minkler because the court told us not to. And Judge Bea was correct that the policy language, which you're obligated to read in its entirety, makes clear that imputable torts by others could affect you. I want to emphasize that the severability clause in any insurance policy isn't magic. All it does is say each insured has to have the policy interpreted as to them, not to somebody else. That's all it means. Minkler says that that creates ambiguity, which goes against the insurer. It did in that one instance where it said caused by an insured. So the an insured could say, well, I didn't commit an intentional act, so it doesn't apply to me. No reasonable insured could look at this policy and say, as long as I don't act in a sexual molesting way, I'm good. The policy clearly says that's not true. Because if your employees do it, if any insured does it, if a volunteer does it, anyone under your control could affect this. An or any distinction doesn't really resonate with me. I'll just tell you. The problem is State Farm doesn't have any way of identifying all the insureds other than saying any insured. The word any has to have some connotation, and the CSAA case, which we cited, specifically says it means plural, more than one. All right. Thank you, counsel. Thank you. Your Honor. Counsel, the case just argued is submitted for decision by the.
judges: Rawlinson, Bea, Rice